**JING ZHU CHEN, Petitioner,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

No. 06–4687–ag.

United States Court of Appeals, Second Circuit.

Aug. 21, 2007.

Fengling Liu, New York, NY, for Petitioner.

Michael J. Sullivan, United States Attorney for the District of Massachusetts, Gina Walcott–Torres, Assistant United States Attorney, Boston, MA.

PRESENT: Hon. ROGER J. MINER, Hon. PIERRE N. LEVAL, Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Jing Zhu Chen, a citizen of the People's Republic of China, seeks review of a September 27, 2006 order of the BIA affirming the May 19, 2005 decision of Immigration Judge ("IJ") Noel Ann Brennan denying Chen's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jing Zhu Chen*, No. A97 966 117 (B.I.A. Sept. 27, 2006), *aff'g* No. A97 966 117 (Immig. Ct. N.Y. City May 19, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

Upon our review of the record, we conclude that the IJ's denial of Chen's asylum and withholding of removal applications on the basis of an adverse credibility finding is supported by substantial evidence. As an initial matter, the IJ observed that Chen's "overall demeanor did not bespeak someone who had lived through the events he described." Chen "was hesitant, often repeating questions, and pausing." As a fact-finder who assesses testimony together with demeanor, the IJ is in the best position to discern whether the witness is

truthful. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n. 1 (2d Cir.2005). The IJ also properly noted that Chen was unfamiliar with his wife's IUD booklet and that he was unable to provide any detail about her alleged sterilization.

In addition, the IJ reasonably relied on inconsistencies in the record regarding Chen's wife's alleged abortion. For instance, the IJ properly noted that, when Chen was questioned about the issuance of the abortion certificate he submitted, he testified inconsistently regarding who had given the certificate to his wife. Chen also provided inconsistent testimony regarding the date of his wife's alleged abortion. Chen's failure to provide consistent testimony regarding his wife's abortion and the abortion certificate goes to the heart of his asylum claim that he was persecuted on account of his violation of the family planning policy. Thus, the inconsistencies substantiate the IJ's adverse credibility finding. *See Latifi v. Gonzales*, 430 F.3d 103, 105 (2d Cir.2005); *Secaida–Rosales*, 331 F.3d at 308–09. Having found that the adverse credibility finding is supported by substantial evidence, we need not decide whether petitioner's claim could survive *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir.2007) (en banc).

Because Chen was unable to show the objective likelihood of persecution needed to establish a claim for asylum, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

Although Chen summarizes his testimony regarding his claim of persecution on the basis of his religion, he does not make any argument in connection with the IJ's decision denying his application on that basis. Therefore, because Chen did not meaningfully challenge the IJ's decision in this respect, it is deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir.2005) (arguments insufficiently developed in petitioners' briefs are deemed waived).

Because Chen also does not meaningfully address the agency's denial of his application for CAT relief in his brief to this Court, he has also waived any challenge to the denial of that relief. *See id.* Finally, Chen does not challenge the BIA's finding regarding the denial of his motion to reconsider before this Court; thus, it too is deemed waived. *See id.*

For the foregoing reasons, the petition for review is DENIED. Having completed our review, petitioner's pending motion for a stay of removal in this petition is DISMISSED as moot.